*Singh v. Sessions*

BIA
A200 939 076

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand eighteen.

PRESENT:
　　　　　JOHN M. WALKER, JR.,
　　　　　BARRINGTON D. PARKER,
　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　*Circuit Judges.*
_____

SURJIT SINGH,
　　　　　*Petitioner,*

　　v.　　　　　　　　　　　　　　　　　　16-4118
　　　　　　　　　　　　　　　　　　　　　NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
　　　　　*Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Garish Sarin, Los Angeles, CA. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Raya Jarawan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Surjit Singh, a native and citizen of India, seeks review of a November 15, 2016, decision of the BIA denying his motion to reopen. *In re Surjit Singh,* No. A200 939 076 (B.I.A. Nov. 15, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of Singh's motion to reopen for abuse of discretion, and review any underlying factual findings regarding country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). It is undisputed that Singh's 2016 motion was untimely because it was filed more than 90 days after the BIA's 2014 decision affirming his removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time limitation does not apply if the motion is to reopen to apply for asylum "based on changed country conditions arising in the country of nationality or the

2

country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). We find no abuse of discretion in the agency's denial of the motion as untimely because, as discussed below, the BIA did not err in its analysis of country conditions.

Singh argues that reopening was warranted based on new evidence that Indian authorities seek to arrest him for his alleged involvement with an international Sikh militant organization. A change in personal circumstances cannot excuse the time limitation on a motion to reopen. *See Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 273-74 (2d Cir. 2006). And Singh did not otherwise present evidence of any change in the treatment of Sikh activists in India since the time of his hearing. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at

3

the time of the merits hearing below."). The only country conditions evidence Singh submitted was a 2012 news article that pre-dated his 2013 hearing and the State Department's 2015 human rights report for India, which did not contain any new information regarding the Indian government's treatment of Sikh activists. Thus, the BIA did not abuse its discretion in denying the motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(A).

Nor do we find any error in the BIA's alternative conclusion that Singh failed to establish his prima facie eligibility for relief. The BIA was not required to credit Singh's allegations regarding his activism or his documentary evidence, which relied on his own credibility, because Singh was found not credible in the underlying proceedings. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir. 2007); *see also Y.C. v. Holder*, 741 F.3d 325, 334 (2d Cir. 2013) (deferring to agency's decision to give limited weight to letter from applicant's relative).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

4

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court
